Filed 4/23/21  Carpio v. JP Morgan Chase Bank CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| TOMAS MERCADO CARPIO IV, | C087825 |
| Plaintiff and Appellant, | (Super. Ct. No. 34201700215212 ) |
| v. | |
| JP MORGAN CHASE BANK, N.A., et al., | |
| Defendants and Respondents. | |

Five years after his home was sold in a foreclosure sale, plaintiff Tomas Mercado Carpio IV sued defendants JP Morgan Chase Bank, N.A. and others for causes of action including wrongful foreclosure and breach of contract.  The trial court sustained, without leave to amend, defendants' demurrer to Carpio's second amended complaint, finding the

1

applicable statutes of limitations had run. Carpio now appeals contending the statutes of limitations was tolled under the delayed discovery rule and equitable tolling.[1]

We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

### The Second Amended Complaint

Carpio's second amended complaint alleged six causes of action.[2] In substance, he alleged he obtained a mortgage loan in 2005. In late 2011, an assignment of deed of trust transferred the deed to one of the defendants. The assignment deed was executed, notarized, and recorded. In early 2012, Carpio's house was sold in a foreclosure sale.

Carpio's allegations take issue with the assignment of deed, contending, through various allegations, that the assignment of deed was invalid. He also alleged that he entered into a "standardized contract" with one of the defendants for a "temporary trial modification" of his mortgage loan. And "[d]espite Plaintiff's efforts, Defendant . . . ignored its legal obligation to refrain from the practice of dual tracking while Plaintiff's Loan Modification Application was under review." He wrote that he "sought a loan modification from Defendant …, only to have [his] home[] wrongfully, oppressively and illegally sold out from under [his] feet . . . ."

Carpio also alleged that his causes of action are not time barred because the statutes of limitations were tolled. He wrote that through equitable tolling, the court could in the interest of justice toll the statutes of limitations, which would prevent the

---

[1] Carpio also raises several other contentions going to the merits of his allegations. Because we conclude the trial court properly sustained the demurrer based on the applicable statutes of limitations, we do not reach Carpio's other contentions.

[2] It alleged (1) wrongful foreclosure, (2) breach of contract, (3) breach of implied covenant of good faith and fair dealings, (4) unfair or deceptive practices (Bus. & Prof. Code, § 17200, et. seq.), (5) fraud by deceit, and (6) a violation of civil code section 2934a.

2

injustice of "Defendants escaping liability based upon procedural delay in Plaintiff's efforts in seeking remedies for Defendants' fraudulent, wrongful and oppressive conduct . . . ."

The complaint also alleged: "Defendants' fraudulent concealment of material facts pertaining to the actual beneficial interest in Plaintiff's subject property directly caused a delay in discovering the fraudulent acts of Defendants because Plaintiff would have no other reason to assume that the false assertion as to who the actual beneficiary was would be falsely stated and because the Defendants were in a superior position of knowledge and access to evidence that would have exposed Defendants' false assertions and put Plaintiff on Notice that the assertions made in said recorded documents were false. Thus, it is unreasonable to expect a reasonably prudent homeowner to be able to formulate any other belief other than that the Defendants' assertions in the documents were true, particularly since it was Defendants intent to conceal and did, in fact, conceal the rightful and accurate beneficiary of Plaintiff's Note and Deed of Trust when Defendant executed and recorded their fraudulent foreclosure documents."[3]

Carpio went on to explain that: "In early 2017, [he] read various media reports that identified many homes that were possibly foreclosed upon illegally and involved various named Defendants in such illegal foreclosures." He added: "Though Defendants' fraudulent actions were, in a technical sense, completed in 2012, when Defendants illegally foreclosed on Plaintiff's home, who subsequently illegally and wrongfully alleged to have been the valid Beneficiary of Plaintiff's Note and Deed of Trust, Plaintiff did not discover said fraudulent acts, and Defendants' attempt to conceal

---

[3] Elsewhere the complaint alleged: "Defendants purposely defrauded Plaintiff and continued the fraud through their intentional and purposeful concealment of their illegal conduct. Because Defendants willfully, purposefully and intentionally concealed said fraud, and in the interest of justice, the statute of limitations are tolled for all of Plaintiff's causes of action."

3

said acts, until 2017, when Plaintiff sought assistance in reviewing the mortgage documents, including all documents recorded in the Sacramento County Recorder's Office, that were related to the loan taken out by plaintiff . . . on the Subject Property. Plaintiff was, thus, unable to discover said fraudulent activity on the part of Defendants … until 2017, despite Plaintiff's reasonable and diligent efforts."

## The Demurrer

Defendants demurred to the second amended complaint, arguing inter alia, that all causes of action were barred by their applicable statutes of limitations.

The trial court sustained the demurrer without leave to amend and entered judgment of dismissal as to the moving defendants.[4]  As to Carpio's tolling arguments, the court concluded:  "these allegations are insufficient to establish tolling….  To the extent plaintiff is attempting to allege the delayed discovery of some claimed wrongdoing, he must specifically plead <u>facts</u> which show not only (1) the time and manner of discovery but also (2) the inability to have made the discovery earlier despite reasonable diligence.  Given that plaintiff was presumptively aware of not only the foreclosure proceedings commenced in 2011 but also that such proceedings were improperly commenced (since he maintains he did not default on his mortgage obligations), a reasonable person in his shoes would have promptly began no later than early 2012 an investigation into the circumstances resulting in the foreclosure proceedings which resulted in a Trustee's Sale."

The court went on:  "the allegations fail to show that plaintiff could not, with reasonable diligence, have earlier discovered the alleged wrongdoing.  By plaintiff's own admission, the information which allowed him to discover in 2017 Defendants' alleged wrongdoing, including the documents which were on file at the County Recorder's

---

[4]  Not all defendants joined the motion.  Those that did not are not party to this appeal.

4

Office, would have been on file and available to plaintiff as early as 2012 such that plaintiff would have been able to discover the alleged wrongdoing years ago had he exercised any reasonable diligence in response to the foreclosure proceeding." The court concluded, it could not find that "plaintiff, despite diligent efforts, was unable to discover the facts giving rise to this action."

Finding the claims time barred, the court did not address the other grounds raised in Defendants' demurrer. The court also denied leave to amend, noting Carpio had had three opportunities to plead a valid cause of action and finding he had no reasonable possibility of pleading around the statute of limitation.

## DISCUSSION

### A. Plaintiff's Contentions

Carpio contends the trial court erred in sustaining the demurrer. He argues that under the delayed discovery rule, his claims did not accrue until much later. He also argues the statute of limitation period is subject to equitable tolling. We disagree.

### B. The Delayed Discovery Rule

"A plaintiff must bring a claim within the limitations period after accrual of the cause of action." (*Fox v. Ethicon Endo-Surgery, Inc.* (2005) 35 Cal.4th 797, 806; Code Civ. Proc., § 312.) And while generally, a cause of action accrues when the cause is complete in all its elements, an exception exists in the "delayed discovery rule," where the plaintiff does not discover, and has no reason to discover, the cause of action. (*Fox* at pp. 803, 807.) To rely on the delayed discovery rule, the complaint must specifically plead facts showing, " '(1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence.' " (*Id*. at p. 808.) Conversely, "suspicion of one or more of the elements of a cause of action, coupled with knowledge of any remaining elements, will generally trigger the statute of limitations period." (*Id*. at p. 807.)

Here, Carpio argues the delayed discovery rule applies because his original mortgage provider did not give notice to its customers that it was filing for bankruptcy protection and failed to properly transfer real property titles to Carpio's subsequent lender 90 days before filing for bankruptcy, which closed in 2011.

And as to the delayed discovery rule's prongs, Carpio argues he "had no reason to seek out his [original mortgage lender], as he had no reason to believe his Lender would defraud him." He adds: "No reasonable person who is not trained in the law would look for [the original mortgage lender] in Delaware to find out what was happening with his mortgage." He maintains his original lender "admitted it did not notice its customers of its bankruptcy filing" and "none of the named [defendants] had standing to sell his home in foreclosure or to collect monthly mortgage payments from him." And he adds: "The evidence supporting the allegations and references to [original mortgage lender] can be easily cured by liberal amendment to the complaint."

We agree with the trial court that the second amended complaint fails to plead facts to invoke the delayed discovery rule. As the trial court pointed out, the foreclosure occurred in 2012, and all the documents Carpio now relies on were available as early as 2012. Against that, simply alleging that in 2017 Carpio "read various media reports that identified many homes that were possibly foreclosed upon illegally and involved various named Defendants" is insufficient to show an inability to have made an earlier discovery despite reasonable diligence. Nor does Carpio's vague reference to defendants' "fraudulent concealment of material facts" advance the claim.

Further, nothing Carpio has argued on appeal elucidates how he could not have timely discovered the claim through reasonable diligence. We therefore conclude that Carpio failed to set forth facts sufficient to invoke the delayed discovery rule.

## C.  Equitable Tolling

"Equitable tolling is a judge-made doctrine 'which operates independently of the literal wording of the Code of Civil Procedure' to suspend or extend a statute of

6

limitations as necessary to ensure fundamental practicality and fairness." (*Lantzy v. Centex Homes* (2003) 31 Cal.4th 363, 370 (*Lantzy*).) It applies in "carefully considered situations to prevent the unjust technical forfeiture of causes of action, where the defendant would suffer no prejudice."[5] (*Ibid*.)

As to equitable tolling, Carpio alleged in the second amended complaint that equitable tolling would prevent the injustice of defendant "escaping liability based upon procedural delay in Plaintiff's efforts in seeking remedies for Defendants' fraudulent, wrongful and oppressive conduct relating to the fraudulently-concealed, wrongful and illegal foreclosure sale of Plaintiff's subject property." And on appeal, Carpio argues in totality: "The limitations period is subject to equitable tolling where, as here, ' "an injured person has several legal remedies and, reasonably and in good faith, pursues one." ' "

We conclude these perfunctory claims are wholly insufficient to invoke the equitable tolling doctrine.

### D. Leave to Amend

As defendant has presented nothing to persuade us he can plead facts to invoke either the delayed discovery rule or equitable tolling, we conclude the trial court acted within its discretion in denying leave to amend. (See *Collins v. eMachines, Inc.* (2011)

---

[5] Examples include: (1) "claim against title insurer accrues upon insurer's refusal to defend title, but two-year limitations period is equitably tolled until underlying title action is resolved"; (2) "one-year period to sue on casualty insurance policy begins upon 'inception of the loss,' but is equitably tolled from timely notice of loss until insurer denies claim"; (3) "six-month period for state court suit against public agency was equitably tolled during plaintiffs' timely federal suit raising both federal and state claims" (4); "one-year period for personal injury action was tolled while plaintiff, acting in good faith, pursued worker's compensation remedy against defendant"; and (5) "15–month period to sue on fire insurance policy was tolled while timely prior action, erroneously dismissed as premature, was pending." (*Lantzy, supra*, 31 Cal.4th at p. 370.)

202 Cal.App.4th 249, 252 [" 'We review the court's denial of leave to amend for abuse of discretion' "].)

## DISPOSITION

The judgment is affirmed.

/s/
MURRAY, J.

We concur:

/s/
RAYE, P. J.

/s/
HULL, J.